

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

April 26, 1993

Honorable Tom Craddick
Chairman
Committee on Public Health
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-218

Re: Whether an additional sales and use tax under section 321.101(b) of the Tax Code may be used to finance a homestead exemption, whether an eligible city may simultaneously adopt sales and use taxes under both sections 4A and 4B of V.T.C.S. article 5190.6, and related questions (RQ-466)

Dear Representative Craddick:

On behalf of the city of Cedar Hill (the "city"), you have asked several questions about sales and use taxes. First, you ask whether an additional sales and use tax under section 321.101(b) of the Tax Code may be used to finance a homestead exemption instead of reducing the property tax rate.

Section 321.101(b) provides that certain municipalities "may, by a majority vote of the qualified voters . . . adopt an additional sales and use tax for the benefit of the municipality in accordance with this chapter. . . ."[1] The legislature has expressly prescribed the use of revenue collected under section 321.101(b). Revenues from an additional sales and use tax under this chapter must first be used to reduce the property tax rate. *See* Tax Code § 321.404(a) (requiring that a ballot in an election to adopt an additional sales and use tax specify that the tax will "be used to reduce the property tax rate"); *see also id.* § 321.507 (citing Tax Code, §§ 26.04(c) and 26.041(d), and providing that excess funds must be deposited in an "excess sales tax revenue fund" and a "municipal sales tax debt service fund," which may only be expended for limited purposes); § 321.506 (governing the use of any remaining funds).[2]

---

[1] You do not ask and we do not address whether the city is eligible to adopt an additional sales and use tax under section 321.101(b) of the Tax Code. *See* Tax Code, § 321.101(b)(1) - (4) ("A municipality is disqualified from adopting the additional sales and use tax if the municipality . . .").

[2] Section 321.506 provides as follows:

> [T]he money received by a municipality under this chapter is for the use and benefit of the municipality and may be used for any purpose for which the general funds of the municipality may be used, except that a municipality may not pledge the revenue received under this chapter to the payment of bonds or other indebtedness.

Tax Code § 321.506.

When a governing body adopts a homestead exemption, it exempts from *ad valorem* taxation a percentage of the appraised value of residence homesteads. *See* Tax Code § 11.13. A homestead exemption does not reduce *the property tax rate*. The memorandum submitted with your request suggests that this distinction is immaterial because the purpose of the additional sales and use tax under section 321.101(b) is to reduce the tax burden on property owners. It contends that cities should have the authority to determine how to achieve that end, including adopting a homestead exemption in lieu of reducing the property tax rate. We disagree.

While a homestead exemption reduces the tax burden on residential property by exempting a portion of the appraised value of residences from taxation, it does not reduce the tax burden on non-residential property. *See id.* The legislature has specifically provided that the purpose of the additional sales and use tax under section 321.101(b) is to reduce the property tax rate, and has set forth a number of provisions which explicitly govern the use of these revenues. *See* Tax Code, § 321.404(a); *see also id.* §§ 26.04(c), 26.041(d), 321.506, and 321.507. None of these provisions permits a city to use an additional sales and use tax to reduce the tax burden of residential property while not reducing the tax burden of non-residential property. Because a homestead exemption does not reduce the property tax rate as required by these provisions, we conclude that a municipality is not authorized to use an additional sales and use tax under section 321.101(b) of the Tax Code to finance a homestead exemption.

Second, you explain that in addition to adopting a one-half cent sales and use tax under section 4B of article 5190.6, V.T.C.S., effective July 1, 1993, the city would also like to adopt a combined one-half cent sales and use tax under section 4A of that article and section 321.101(b) of the Tax Code, effective October 1, 1993, for an overall one cent sales tax.[3] The city would hold an election to adopt a sales and use tax under each of these provisions on the same day.[4] You ask if the city is authorized to do so. Section 4A and section 4B separately authorize an "eligible city" to adopt a sales and use tax. Assuming that a city is eligible under both provisions, we see nothing in article 5190.6 that would suggest that the city may not simultaneously adopt sales and use taxes under both section 4A and section 4B.

You point out that subsection (f) of section 4B provides that "[a]*fter the effective date of the taxes imposed* under this section, the adoption of a sales and use tax or the

---

[3]Section 4A provides that no city may "adopt a [tax] rate that would result in a combined rate of all sales and use taxes, including the tax under this section, imposed by the city and other political subdivisions of this state having territory in the city that exceeds two percent." V.T.C.S. art. 5190.6, § 4A(d); *see also* Tax Code, § 321.101(f) (imposing similar 2 percent limit on combined tax rate). It also provides that "a combined rate of the tax under this section and the additional sales and use tax under Section 321.101(b), Tax Code, may not exceed one-half of one percent." V.T.C.S. art. 5190.6, § 4A(p). We do not consider whether the taxes under consideration by the city would run afoul of these provisions.

[4]You do not ask and we do not address whether the city is an eligible city under both sections 4A and 4B. *See* V.T.C.S. art. 5190.6, §§ 4A(a), 4B(a)(1).

attempted adoption of a sales and use tax by the eligible city . . . does not impair taxes imposed under this section." (Emphasis added.) You ask if the italicized language means "that (1) the election for any other sales taxes must be held after the effective date of the tax, or (2) the effective date of the new tax must come after the effective date of the [section] 4B tax?" Your question assumes that subsection (f) invalidates sales and use taxes adopted *prior* to the effective date of a sales and use tax under section 4B. We disagree. Subsection (f) provides that the adoption of a sales and use tax *after* the effective date of a sales and use tax adopted under section 4B does not impair the section 4B tax. We do not believe that it is intended to invalidate sales and use taxes adopted prior to the effective date of the section 4B tax by implication. It simply does not speak to such taxes.

In a related question, you ask whether a proposal to adopt a sales and use tax under section 4B of article 5190.6, on the one hand, and a combined sales and use tax under section 4A of that article and section 321.101(b) of the Tax Code, on the other, may appear on a ballot as a single ballot proposition. Section 4A(p) authorizes a city to impose a sales and use tax under that section and to impose an additional sales and use tax under section 321.101(b) of the Tax Code "at the same time and on the same ballot." *See also* V.T.C.S. art. 5190.6, § 4A(e). It is clear from the ballot language set forth in section 4A(p) that the two taxes appear together on the ballot in the same proposition. Section 4A(p) provides in pertinent part:

> The city must follow, in relation to the imposition . . . of the additional sales and use tax imposed under Section 321.101(b), Tax Code, the procedures of that chapter, except that in an election to impose . . . the tax under this section and the additional sales and use tax the ballot shall be printed to provide for voting for or against the proposition: "The adoption of a sales and use tax within the city for the promotion and development of new and expanded business enterprises at the rate of . . . and the adoption of an additional sales and use tax within the city at the rate of . . . to be used to reduce the property tax rate" . . . .

The foregoing provision sets forth the language which must be used in a ballot proposition on the adoption of a combined sales and use tax under section 4A and section 321.101(b). It does not authorize the city to include any other language in the ballot proposition. Therefore, we conclude that the city is not authorized to join a proposal to adopt a combined sales and use tax under section 4A and section 321.101(b) and a proposal to adopt a sales and use tax under section 4B on the ballot as a single ballot proposition. *See Wright v. Board of Trustees of Tatum Indep. Sch. Dist.*, 520 S.W.2d 787, 792 (Tex. Civ. App.--Tyler 1975, writ dism'd w.o.j.) ("When a statute which authorizes a special election for the imposition of a tax prescribes the form in which the question shall be submitted to the popular vote, the statute shall be strictly complied with.")

You also ask whether an eligible city may adopt a sales and use tax at a rate less than one-half of one percent under section 4B, article 5190.6. Subsection (e) of section 4B provides that "[i]f an eligible city adopts the tax, a tax is imposed on the receipts from the sale at retail of taxable items within the eligible city at a rate equal to one-half of one percent. . . ." Section 4A of article 5190.6 and section 321.101(b) of the Tax Code permit the adoption of a sales tax at a rate equal to one-eighth, one-fourth, three eights, or one-half of one percent. *See* V.T.C.S. art. 5190.6, § 4A(d), (m), (p); Tax Code §§ 321.101(b), 321.103(b). Prior to 1991, both section 4A and section 321.101(b) provided only for a one-half of one percent tax rate. In 1991, however, the Seventy-second Legislature amended these provisions to allow for tax rates under one-half of one percent. Acts 1991, 72d Leg., ch. 184, §§ 1, 4. Significantly, the legislature has not similarly amended section 4B to provide for tax rates under one-half of one percent. Accordingly, we conclude that section 4B does not authorize an eligible city to adopt a sales and use tax at a rate less than one-half of one percent.

Finally, you ask whether members of a city's municipal advisory boards are city officers for purposes of article 5190.6, section 4B(c). Subsection (c) provides that the board of a corporation established under section 4B consists of seven directors, and that "[a]t least four directors must be persons who are members of the governing body of the eligible city, and the remaining three directors shall be persons who are not employees, officers, or members of the governing body of the eligible city." You state that you understand that many cities include advisory board members as "officers" for definitional purposes in their city charters and codes. The fact that an advisory board member is defined as a city officer in a city code or charter, however, does not necessarily make him or her an officer for purposes of state law in general or article 5190.6 in particular. Under state law, a public officer generally has a fixed term and may be removed only in accordance with the applicable provisions of law. *Aldine Indep. School Dist. v. Standley*, 280 S.W.2d 578 (Tex. 1955). In addition, a public officer is someone upon whom some sovereign function of the government is conferred for the benefit of the public, largely independent of the control of others. *Id.* at 583. An individual who serves in a merely advisory capacity does not exercise sovereign powers independent of the control of others and is therefore not an officer. The determination whether members of a particular municipal advisory board are officers depends upon the foregoing factors and must be made on a case-by-case basis.

## S U M M A R Y

A city is not authorized to use an additional sales and use tax under section 321.101(b) of the Tax Code to finance a homestead exemption.

A city that adopts a one-half cent sales and use tax under section 4B of article 5190.6, V.T.C.S., may also adopt in the same election a combined one-half cent sales and use tax under section 4A of that article and section 321.101(b) of the Tax Code, assuming that the

city is eligible to adopt a sales and use tax under these provisions and the overall sales and use tax rate would not exceed statutory limits. A city is not authorized to join a proposal to adopt a sales and use tax under section 4B, and a combined sales and use tax under section 4A and section 321.101(b), on the ballot as a single ballot proposition. A city is not authorized to adopt a sales and use tax under section 4B at a rate less than one-half of one percent.

The fact that a municipal advisory board member is defined as a city officer in a city code or charter does not necessarily make him or her an officer for purposes of state law in general or article 5190.6 in particular. The determination whether members of a particular municipal advisory board are city officers must be made on a case-by-case basis.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General